**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JEREMIAH MARTIN, K57277,            )
                                    )
                  Plaintiff,        )
                                    )
vs.                                 )        Case No. 25-cv-1399-DWD
                                    )
DON S. BICKERS,                     )
WEXFORD HEALTH SOURCES, INC.,       )
                                    )
                  Defendants.       )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jeremiah Martin, an individual who is detained at the Kewanee Life Skills Re-Entry Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Robinson Correctional Center (Robinson). (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for multiple medical conditions. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 18) were dismissed for failure to state a claim and his Second Amended Complaint (Doc. 20) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Second Amended Complaint

Plaintiff alleges that Wexford failed to provide a doctor at Robinson, leaving him without a doctor's care for four months.  (Doc. 20 at 5).  Specifically, he complains that on November 10, 2023, Defendant Bickers placed him on the list to be seen by the doctor, but he learned in late December of 2023 that the doctor had resigned, and he was not seen before he was transferred to Kewanee Life Skills Reentry Center on April 3, 2024.  (*Id.*).  Plaintiff also alleges that Wexford has a hernia policy.  (*Id.*).  Specifically, he explains that from August of 2022 through March of 2026, he has been complaining about pain associated with a hernia, but Wexford staff, including Bickers, have repeatedly told him his hernia is not strangulated and is not an emergency.  (*Id.* at 5-6).

Plaintiff faults Defendant Bickers for failing to address his medical needs despite being aware of his need for care from November of 2023 to April of 2024.  (Doc. 20 at 6).  He claims that Bickers placed him on the doctor's list in November of 2023, and on March 11, 2024, Bickers requested a sputum sample.  He claims he returned the sample to Bickers on March 12, 2024, and Bickers commented that it did not look normal, but he was transferred on April 3, 2024, before receiving results or further care.  (*Id.* at 6-7).

Plaintiff alleges that in August of 2024 he noticed that black specks of "blood" in his sputum had gotten worse, so he sought treatment at Kewanee.  (Doc. 20 at 7).  He gave another sputum sample, and he learned on October 7, 2024, that his sample was positive for an infection that if left untreated could cause sepsis or organ failure.  (*Id.* at

7).  Plaintiff alleges that a nurse practitioner told him she could see that an earlier sample was taken at Robinson, but that she did not see information about the results of that sample.  (*Id.*).  After further tests, Plaintiff claims he was also informed he had prostatitis. (*Id.*).  Plaintiff alleges that Defendant Bickers placed his life at risk when he did not send out the March 2024 sample for testing.  He complains that without care his health got worse and he was left in pain.  (*Id.*).  Plaintiff seeks monetary compensation.  (*Id.* at 8).

Based on the allegations in the Second Amended Complaint, the Court will designate the following claims:

> **Claim 1:**   **Eighth Amendment deliberate indifference claim against Defendant Bickers for delaying or denying Plaintiff access to care at Robinson from November of 2023 through March of 2024;**

> **Claim 2:**   ***Monell* claim against Wexford for the lack of a doctor at Robinson and for the hernia policy from November of 2023 through March of 2024.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. Berry v. Peterman, 604 F.3d 435, 439–40 (7th Cir.

2010).  A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard).  *Id.*  To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference.  *Id.*  Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care.  *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Taken at face value and without context, Plaintiff's allegations against Bickers might support an inference that Bickers knew Plaintiff needed care but failed to ensure care was received.  However, this is now the third complaint the Court has reviewed in this matter and although each complaint is a freestanding document, the Court need not entirely ignore previous factual statements that are either inconsistent with the new pleading or provide meaningful context.  Plaintiff faults Defendant Bickers for an apparent total lack of care from November of 2023 through April 3, 2024, but these allegations do not tell the full story.  In the First Amended Complaint, Plaintiff explained that he was seen by medical staff on at least eight separate occasions in the four months relevant to this complaint, and he was given Mucinex.  (Doc. 18 at 6).  Plaintiff first reported a productive cough on November 10, 2023, and he had a relapse on February 23, 2024.  With this context, it is apparent that medical staff were tending to Plaintiff when he reported issues and during the second bout of a productive cough, Bickers progressed

beyond medication to collecting a sputum sample. That the sample was perhaps mishandled or that Plaintiff was transferred before results or further care could be developed do not establish deliberate indifference by Bickers. While the care that Plaintiff received was not at the level he desired, he has not established personal liability against Bickers for deliberate indifference to a serious medical need.

Plaintiff faults Wexford for failing to have a doctor and for failing to provide care for a hernia despite several reports to Wexford staff that he needed care. Wexford is a private corporation that cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). There is no *respondeat superior* liability under § 1983, so Wexford cannot be held liable purely for the misdeeds of one or a few employees. See e.g., *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-54 (7th Cir. 2021) (circuit precedent establishes that private corporations acting under color of state law cannot be held liable for an employee's misdeeds, and thus liability turns on if the harm was caused by a corporate policy or custom); *Shields v. Illinois Dept. of Corr.*, 746 F.3d at 789 (a private corporation cannot be held liable under § 1983 unless

the constitutional violation was caused by the corporation itself, and not simply by acts of its employees).

Plaintiff faults Wexford for a doctor resigning at Robinson and for a lack of care for his hernia. As for the doctor's resignation, and the resulting lack of a doctor for several months, Plaintiff does not allege that this is part of a broader policy, custom, or practice as opposed to a single staffing issue at one prison. As for the hernia, Plaintiff complains he reported it to several staff members across three facilities, but he was repeatedly told his hernia was not strangulated and his condition was not emergent. These allegations do not identify a policy, custom, or practice that was widespread and that caused Plaintiff discrete harm. Instead, Plaintiff's allegation is more akin to a disagreement with medical advice—he wanted hernia treatment but the medical professionals repeatedly advised him that his condition did not warrant treatment. Without further detail about Plaintiff's particular hernia, the pain it caused, or his unique attempts to seek care, he has not established a claim against Wexford for maintaining a policy, custom, or practice that caused him serious harm. This is now the third time that Plaintiff has attempted to plead this claim to no avail.

Having reviewed Plaintiff's allegations three times with little variation between the pleadings, the Court finds it unnecessary to invite further amendments. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011)

(leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).  As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## Disposition

Plaintiff's Second Amended Complaint (Doc. 20) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: May 20, 2026

_____
DAVID W. DUGAN
United States District Judge